[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
RULING ON OBJECTIONS AND EXCEPTIONS TO REPORT OF ATTORNEY TRIAL REFEREE
The defendant Marlow Shields ("M S") and the defendant Jeff Katz have filed exceptions and objections to the Report of Attorney Trial Referee Daniel E. Brennan, Jr. A hearing was held on these objections and exceptions on February 4, 1997, and the court rules as follows regarding same.
MARLOW SHIELDS' EXCEPTIONS
M S' exceptions to the ATR's report are rejected. Under Practice Book § 439, the court will not correct a finding "unless a material fact has been found without evidence or the [referee] has failed to find an admitted or undisputed fact, or has found a fact in such doubtful language that its true meaning does not appear." None of M S' exceptions fall into any of the categories of § 439, especially in light of the ample evidence to support the ATR's finding that M S' agent, Tracy Marlow, knowingly participated in a conspiratorial scheme with the defendant Geoffrey Winters whereby M S received the assignment of the judgment generating the funds at issue in order for Tracy Marlow and Winters to manage which of Winters' creditors would be paid. M S' argument concerning evidence indicating that no creditor was specifically instructed by Winters to be favored or that no creditor was in fact favored is irrelevant to the creation and existence of the scheme itself. The purposes of the scheme could be achieved if the court recognized the effectiveness of the assignment in this case.
Sufficient findings were made by the ATR to support the ATR's conclusion that M S through Marlow participated in a fraudulent transfer involving the disputed assignment, and therefore, has unclean hands. These findings are also sufficiently supported by the evidence. The credibility of Marlow and Winters are properly within the province of the ATR and will not be disturbed by the CT Page 786 court.
The ATR further found that Tracy Marlow "produced no evidence that his services had any legitimate value to Winters" and "produced no credible evidence that he earned any fee." Again, these findings are within the factfinder's province to make, are supported by the record and will not be disturbed by the court. These findings make the additional findings sought by M S immaterial, including M S' request that the court find that it received "bounced" checks from Winters. Since M S failed to establish that it either earned or was entitled to any fee, M S was not entitled to the payments to be made through these checks.
MARLOW SHIELDS' OBJECTIONS
The crux of M S' objections to the ATR report are sufficiently addressed by the above rulings, except as follows.
M S contends that the statute of limitations bars any claim that M S' assignment from Winters is a fraudulent conveyance, and therefore, M S argues that the validity and effectiveness of its assignment cannot be defeated by a fraudulent conveyance claim. Contrary to M S' contentions, Virginia Corporation v.Galanis, 223 Conn. 436 (1992), is indistinguishable and controlling. The statute of limitations does not apply here because this case does not involve an action to set aside a fraudulent transfer, but rather, involves the assertion of a special defense in an interpleader action seeking to determine the priority of interests in disputed funds. Id., 443-444.
JEFF KATZ' EXCEPTIONS AND OBJECTIONS
The objections and exceptions filed by defendant Katz are also all rejected. Katz' request for a finding that the actions of M S constituted a constructive fraud is unnecessary and superfluous in light of the ATR's finding that Tracy Marlow and Winters knowingly participated in a scheme to accomplish a fraudulent transfer. Defendant Katz' remaining exceptions and objections, as delineated at the hearing on these matters, essentially seek identification of certain evidentiary matters to further amplify or explain the ATR's findings. These exceptions and objections must be rejected because under § 434 of the Practice Book, the ATR's report should not "contain statements of evidence." CT Page 787
CONCLUSION
Thus, the court overrules the objections and exceptions to the ATR's report filed by Marlow Shields and Jeffrey Katz. The report is accepted and judgment shall enter as follows in accordance with the conclusion of the report:
1. The corpus available for distribution is $243,543.09 as of December 18, 1994, plus accrued interest since that time in the amount of $24,354.31 per year. Interest shall continue to accrue at this rate until the funds are distributed pursuant to this judgment.
2. Paine Webber, Inc. shall receive the first distribution in the amount of $2800; additionally, Paine Webber, Inc. shall also be entitled to recover as part of the first distribution its costs for court filing fees, sheriffs' fees and service fees pursuant to a bill of costs to be filed by Paine Webber, Inc. Paine Webber, Inc. shall file this bill of costs within seven (7) days from the date of this order.
3. Weatherly Securities, Inc. is entitled to the second distribution in the amount of $24,561.99, plus interest computed on this amount from February 23, 1996, at the rate of ten (10%) percent per annum until paid.
4. Jeff Katz shall receive the balance of the remaining funds.
Paine Webber, Inc. is hereby ordered to distribute the funds pursuant to this judgment on the twenty-fifth day from the date of this order. Paine Webber, Inc. is further ordered to file a Notice of Distribution within seven days from the date of this order indicating the exact amounts to be distributed pursuant to this judgment.
Dated this 14th day of February, 1997
STEVENS, J.